**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 4:21-CR-305 |
| JAMINTON VALENCIA-VALLECILLA | § | |


## DEFENDANT'S SENTENCING MEMORANDUM


COMES NOW, Rick Howard, attorney for Defendant JAMINTON VALENCIA-VALLECILLA, and asks this Court to consider the following Sentencing Memorandum ("Memorandum") on behalf of JAMINTON VALENCIA-VALLECILLA ("VALENCIA-VALLECILLA") in determining an appropriate sentence in this matter. Counsel would move the Court to sentence VALENCIA-VALLECILLA to a sentence that reflects all of the factors listed under §3553(a) as such a sentence would yield an appropriate punishment to satisfy the objectives of the Federal Sentencing Guidelines and 18 U.S.C. §3553(a) for VALENCIA-VALLECILLA and the public at large as a punishment that is *sufficient but not greater than necessary* to achieve the statutory objectives of sentencing.

### SENTENCING POST *Blakely, Booker, Gall, Rita, and Kimbrough*

As this Court is well aware, federal sentencing laws and the Sentencing Reform Act of 1984 since the Supreme Court decided *Blakely v. Washington,* 542 U.S 296 (2004) have changed dramatically and are now advisory in nature. Since 2004, a handful of notable Court decisions have been issued directing sentencing Courts on how to proceed in light of this change. It is now clear that the once initial Guideline level calculated by the probation officer and any potential defense objections are considered by the Court, the Court must then look at any potential

departures and variances before actually deciding what the appropriate sentence should be as to a particular defendant.

In *United States v. Booker,* 543 U.S. 220 (2005), the Court severed and excised two provisions of the Sentencing Reform Act and developed a new sentencing approach that "requires a sentencing Court to consider Guideline ranges, *see* 18 U.S.C. §3553(a)(4), but it requires the Court to tailor the sentence in light of other statutory concerns as well, *see* §3553(a)." *Id* at 245-246.

The Supreme Court's later decisions in *Rita, Gall* and *Kimbrough* have further clarified the new sentencing scheme so that at this time while the sentencing Court must consider the Guideline range, the Court now has the authority to vary from the Guidelines.

In light of *Gall*, it is clear that a District Court should employ a **three-step approach** to determining the appropriate sentence in a particular case. **First**, the Court must apply the Guidelines to determine the advisory sentencing range; **second**, a determination must be made as to whether a traditional Guideline departure applies; **third**, the Court must decide if a non-Guideline sentence, often called a "variance," is appropriate based on consideration of the §3553(a) factors.

The District Court must also allow "both parties an opportunity to argue for whatever sentence they deem appropriate." *Gall*, 552 U.S. at 49. Then, after the above analysis including consideration of all the relevant factors set forth in 18 U.S.C. §3553(a), the Court must make an individualized assessment based of the facts presented and "impose a sentence ***sufficient but not greater than necessary*** to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (quoting 18 U.S.C. §3553(a)). In determining the sentence, the Court cannot "presume that the Guideline range is reasonable." *Gall*, 552 U.S. at 50. Finally, the district Court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing" *Id*.

## LAW REGARDING SENTENCING & VARIANCES

As the above cited cases have explained, the Guideline range determined applicable by the Court is merely the starting point for calculating what the appropriate sentence should be for an individual defendant. There are seven sentencing factors in all specifically set forth in 18 U.S.C. §3553(a) that the Court *must* consider in crafting the appropriate sentence. Title 18 U.S.C. §3553(a) provides that in determining the applicable sentence, the Court <u>shall</u> consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant [§3553(a)(1)]

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense [§3553(a)(2)(A)];

(B) to afford adequate deterrence to criminal conduct [§3553(a)(2)(B)];

(C) to protect the public from further crimes of the defendant [§3553(a)(2)(C)]; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner [§3553(a)(2)(D)];

(3) the kinds of sentences available [§3553(a)(3)]

(4) the kinds of sentence and the sentencing range established in the Federal Sentencing Guideline [§3553(a)(4)(A-B)]

(5) any pertinent policy statement issued by the Sentencing Commission [§3553(a)(5)]

(6) the need to avoid unwarranted sentence disparity [§3553(a)(6)]

(7) the need to provide restitution to any victims [§3553(a)(7)]

## APPLICATION OF LAW AND FACTS TO VALENCIA-VALLECILLA

VALENCIA-VALLECILLA's Guideline range is (70) to (87) months. The Guideline range is simply a starting point in determining a sentence in this matter that is *"sufficient but not greater than necessary to accomplish the goals of sentencing."*

The first 18 U.S.C. §3553(a) factor for the Court to consider is **"the nature and circumstances of the offense and the history and characteristics of the defendant."** As detailed in the Pre-Sentence Report ("PSR"), VALENCIA-VALLECILLA is a (41) year old father of four children ages (14), (12), (10), and (4) years old. He has been in a common-law marriage with Antonia Jaramillo since 2017. He is surrounded by a large extended family. As counsel communicated with his my client and with his "wife" Antonia through "Whatsapp" text messages, a picture emerged of children that were already lived in poverty even when their father was present and working as a fisherman that are now living more desperately in a culture and country where subsistence living is the norm and poverty and fear of the drug cartels impacts daily living so that men like my client end up taking desperate steps to provide for their family and avoid trouble with the drug cartels.

VALENCIA-VALLECILLA was raised by his grandparents after his father abandoned his family and his mother placed him with her parents following a "tumor" diagnosis when he was (9) months old. He had only "sporadic" contact with his alcoholic father during his childhood and did not meet his mother for the first time until he was (14) years old. In Counsel's interaction with VALENCIA-VALLECILLA it is clear he has suffered much emotional trauma in his life and currently suffers guilt from being unable to care for his children and loneliness from being away from them for now over (26) months.

Counsel would also point out to the Court the details of VALENCIA-VALLECILLA's significant medical issue as detailed in Par.43 of the PSR and which are being treated by the medical staff at the Cimarron Jail in Cushing, OK including being blind in his left eye, reflux, penile injuries, heart palpitations, hypertension, and tinea cruris (skin infection of the groin). He is also being treated for anxiety by the medical staff.

 It is also very important for the Court to note that VALENCIA-VALLECILLA has never been in trouble of any sort prior to becoming involved in this continuing drug conspiracy.

4

Counsel discussed via zoom with VALENCIA-VALLECILLA's what he would want the Court to hear from him. He expressed his deep regret for his actions and the impact his conduct has had on his family, his acceptance of responsibility for his crime, and his understanding that he must a pay a significant price for actions under our laws. Finally, he assures the Court that this incident will not ever be repeated and his life aside from this brief period of time would seem to reflect that he will keep that promise. VALENCIA-VALLECILLA's promise is a common refrain from criminal defendant's but the difference in his case is he does have a history of work rather than being someone who appears to have supported himself and his family through the drug trade as evidence by a lengthy criminal record or contacts with US law enforcement working in South America.

Counsel would point out to the Court that due to VALENCIA-VALLECILLA's family all living in Columbia, speaking no English, and having little access to technology it was impossible to get support letters from them. However VALENCIA-VALLECILLA's family and friends have remained steadfast in their support for him and desire for him to return home soon so they can restart their life together.

Under §3553(a) the second, third, and fourth factors the Court should consider deal with the need for the sentence imposed to meet several criteria such as **deterrence to others, to reflect the seriousness of the offense as well as the need for educational and/or vocational training, or medical or correctional treatment** and **the sentencing options available to the Court and recommended under the Guidelines.**

Addressing the issues of seriousness of the crime and deterrence for VALENCIA-VALLECILLA and the public at large of similar criminal conduct is the tightrope the court must walk as it weighs what is best for the public short and long term against the same criteria for VALENCIA-VALLECILLA. While considering the sentencing options available goes to the heart of the argument that the Guidelines are one factor, not only factor as some courts treat them.

As Counsel noted above and VALENCIA-VALLECILLA has acknowledged to the court his actions were wrong and as the Court can imagine he wishes he had never entered into this conspiracy. VALENCIA-VALLECILLA who aside from this matter and the related conduct has lived an exemplary life is unlikely to be in trouble again. Counsel believes that while in BOP custody VALENCIA-VALLECILLA will benefit from educational training that can provide him an opportunity to provide for his family upon his return home. He will also, hopefully, be able to receive medical and psychological care that will help him better cope with the challenges of his life to this point.

The fifth factor listed under section §3553(a) asks the Court to consider **any pertinent policy statements issued by the Sentencing Commission**. Since the Sentencing Guideline have been made advisory rather than mandatory, the Sentencing Commission's goal has been to have the sentencing Courts look at the individual characteristics of each individual defendant and specific case and promote fair and individualized sentencing as to each defendant in light of the Guideline and the statute which is the argument presented by this Memo.

In this case the remaining factor the sentencing Court should consider under section 3553(a) is **the need to avoid unwarranted sentencing disparity**. VALENCIA-VALLECILLA is the first of the co-defendants in this conspiracy to be sentenced. Counsel has no idea what the criminal histories are of the other defendants. But, Counsel would argue that if any of them have no history of criminal activity and have suffered the same trauma that he has, they would be entitled to a minimal sentence as well.

### ARGUMENT & CONCLUSION

Under the procedure described in the line of cases and code provisions cited above and based on argument presented by Counsel, VALENCIA-VALLECILLA would ask this Court to sentence him as requested above to a sentence of (70) months at most in this matter. Counsel would argue that this sentence is *sufficient but not greater than necessary* to achieve the statutory

objectives of sentencing because it takes into account all the competing interests of the various listed factors and parties involved while complying with underlying intent of the Congress and the Courts in sentencing this individual defendant in such a manner that if he avails himself of available counseling and treatment after years in federal prison, he will be on his way to becoming all that he pledged to the Court to he would strive to become.

Finally, VALENCIA-VALLECILLA requests the Court recommend he be allowed to participate in all available education and drug programs offered at that facility.

RESPECTFULLY SUBMITTED,

/s/ *Rick Howard*

RICHARD D. HOWARD
ATTORNEY FOR DEFENDANT
3300 OAK LAWN AVE. SUITE 700
DALLAS, TEXAS 75219
STATE BAR #00790922
OFFICE: (214) 221-1444
FAX: (214) 526-3304
Email: rdhoward.legal@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2024, the foregoing Motion was served via email and CM/ECF to the Assistant United States Attorney and assigned USPO.

/s/ *Rick Howard*

Richard D. Howard
ATTORNEY AT LAW